UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-MJ-02380-EFD-1

**UNITED STATES OF AMERICA**

    Plaintiff,

v.

**IZURIETA,** *et al,*

    Defendants.

_____/

## **DETENTION ORDER**

    Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, the Court held a hearing on March 4, 2025, to determine whether to detain Defendant Anneri Sagrario Izurieta. ECF No. 8. The United States of America (the "Government") moved for pretrial detention under 18 U.S.C. § 3142(f)(2), asserting that Ms. Izurieta poses a serious risk of flight. Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions of release will reasonably assure Ms. Izurieta's appearance as required. As such, the Court **ORDERS** that Defendant Anneri Sagrario Izurieta be detained before and until the conclusion of trial.

    Pursuant to 18 U.S.C. § 3142(i), the Court makes the following factual findings and statement of the reasons for detention:

**I.    BACKGROUND**

    A criminal complaint filed in the Southern District of Florida charges Ms.

Izurieta with conspiracy to conduct an unlicensed money transmitting business in violation of 18 U.S.C. § 1960 and 18 U.S.C. § 371. *See* Complaint, ECF No. 1. The affidavit supporting the Complaint alleges that from approximately March 2017 to November 2024, Ms. Izurieta, her son, and other relatives "operated an unlicensed money transmitting business" through corporations and fictitious businesses. *Id.* ¶ 11. The affidavit further alleges that Ms. Izurieta received large checks from several construction companies and, in return, provided the construction companies with large amounts of cash while retaining a minimum of 5% of the proceeds. *Id.* Specifically, the affidavit alleges that from mid-2016 to November 2024, more than $32 million dollars from numerous construction companies was deposited into accounts for which Ms. Izurieta was a signatory. *Id.* ¶ 17. The affidavit imputes several overt acts to Ms. Izurieta including, but not limited to, cashing out approximately $7.9 million dollars. *Id.* ¶ 22.

## II. LEGAL STANDANRD

"In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). There is always a presumption of innocence. *See* 18 U.S.C. § 3142(j). To detain, the Government must establish by preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance as required. *U.S. v. Medina,* 775 F.2d 1398, 1402 (11th Cir. 1985).[1] Furthermore, "[i]n cases where only a serious risk of flight is at issue under § 3142(f)(2), it is generally

---

[1] The Government does not argue Ms. Izurieta is a risk to the safety of any individual or the safety of the community.

accepted that more than evidence of the commission of a serious crime and the fact of a potentially long sentence is required to support a finding of serious risk of flight." *United States v. Giordano*, 370 F. Supp. 2d 1256, 1264 (S.D. Fla. 2005) (citing *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir.1988)).

To determine whether there are conditions of release that will reasonably assure the appearance of the person as required, the court should evaluate the available information concerning four (4) factors:

1. the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
2. the weight of the evidence against the person;
3. the history and characteristics of the person, including—
    a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
4. the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### III.   ANALYSIS

The Court finds that the Government has met its burden to establish by preponderance of the evidence that Ms. Izurieta is a serious risk of flight, and no condition or combination of conditions will reasonably assure Ms. Izurieta's appearance as required. Considering the factors established under 18 U.S.C. §

3142(g), Ms. Izurieta should be detained.

Ms. Izurieta is not charged with a crime of violence, a violation of section 1591, a federal crime of terrorism, or a crime involving a minor, controlled substance, firearm, explosive, or destructive device, and therefore, the nature and circumstances of the offense charged does not favor detention. However, the weight of the evidence presented at the detention hearing as to risk of flight weighs heavily in favor of detention. As an initial matter, the weight of evidence factor "primarily concerns 'the weight of the evidence of dangerousness' or risk of flight, and not necessarily 'the weight of the evidence of the defendant's guilt,' although these concepts often will be related." *United States v. Ingram*, 415 F. Supp. 3d 1072, 1081 (N.D. Fla. 2019) (citing *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010)).

The weight of the evidence as to the risk of flight – as discussed further below – was compelling. In fact, the great weight of the evidence suggests that Ms. Izurieta had intentions to flee the United States to Honduras where she has immense community and familial ties. The Government presented evidence that: (1) Ms. Izurieta frequently travels to Honduras, with her most recent travel being from August 2024 to December 2024; (2) upon Ms. Izurieta's return from her August 2024 travel to Honduras, Ms. Izurieta closed several business accounts, indicating that she was likely winding down her business and employment here in the United States; (3) Ms. Izurieta recently transferred over $700,000 dollars to Honduran accounts, which could sustain her life if she were to flee; and (4) Ms. Izurieta was arrested while attempting to board a flight to Honduras. Accordingly, the weight of the evidence as

presented militates strongly in favor of Ms. Izurieta being a serious risk of flight.

Moreover, Ms. Izurieta's history and characteristics weigh in favor of detention. Despite Ms. Izurieta having strong familial and community ties in Florida, as mentioned above, Ms. Izurieta has equally strong ties in Honduras as she has an established residence in Honduras, has a Honduran bank account, and regularly visits Honduras. As it relates to Ms. Izurieta's prior criminal history, Ms. Izurieta is not a first-time offender with violation of conditions while being released. Ms. Izurieta was previously convicted for Breaking a Customs Seal, Fastening, or Mark in violation of 18 U.S.C. § 549 for which she was sentenced to two years probation with special conditions. *See* Case No. 10-CR-20602-Graham, ECF No. 57. While on probation, Ms. Izurieta was alleged to have violated the terms of her probation by failing to refrain from violation of the law (s*ee* Case No. 10-CR-20602-Graham, ECF No. 65) insofar as she was charged with conspiracy to defraud the United States and smuggling good into the United States, s*ee* Indictment, Case No. 11-20161-CR-Moore, ECF No. 12. Although the judgment and conviction on these charges were later vacated on appeal, *see* Case No. 11-20161-CR-Moore, ECF No. 138, the revocation of her probation for violating the standard conditions of her probation by committing an unlawful offense was upheld on appeal. *See* Case No. 10-CR-20602-Graham, ECF No. 105. Further, Ms. Izurieta is currently unemployed and faces a threat of deportation if found guilty of the charged crime as she is not a U.S. citizen.

The Government does not assert that Ms. Izurieta poses a danger to any person or the community if released, so the Court does not analyze this factor as it concerns

Ms. Izurieta's serious risk of flight.

### IV. CONCLUSION

For the reasons stated above, considering the section 3142(g) factors, the Court believes Ms. Izurieta poses a serious risk of flight and the Government has met its burden of proving that no condition or combination of conditions will reasonably assure Ms. Izurieta's appearance. Accordingly, the Court hereby **DIRECTS**:

1. That Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers in Miami, Florida on this 5th day of March, 2025.

_____
**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record
    Pretrial Services (Miami)